UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

SABRINA SOLOMON and
STANFORD SOLOMON,

    Plaintiffs,

v.                          Case No. 8:24-cv-2650-VMC-NHA

AIG PROPERTY CASUALTY COMPANY,

    Defendant.
_____/

**ORDER**

This matter is before the Court on consideration of Plaintiffs Sabrina Solomon and Stanford Solomon's Motion for Remand (Doc. # 14), filed on December 3, 2024. Defendant AIG Property Casualty Company responded on December 10, 2024. (Doc. # 22). For the reasons that follow, the Motion is denied.

**Discussion**

"Federal courts have limited subject matter jurisdiction." Morrison v. Allstate Indem. Co., 228 F.3d 1255, 1260-61 (11th Cir. 2000). As such, "[a] federal court not only has the power but also the obligation at any time to inquire into jurisdiction whenever the possibility that jurisdiction does not exist arises." Fitzgerald v. Seaboard Sys. R.R., Inc., 760 F.2d 1249, 1251 (11th Cir. 1985).

1

Plaintiffs initiated this underinsured motorist benefits and loss of consortium case in state court in July 2024. (Doc. # 1-1). After a non-diverse tortfeasor defendant was dismissed from the case (Doc. # 1-4), Defendant removed the case to this Court on the basis of diversity jurisdiction on November 14, 2024. (Doc. # 1). Now, Plaintiffs move to remand this case to state court, arguing that Defendant "has not clearly and unambiguously established that the amount in controversy exceeds $75,000.00." (Doc. # 14 at 7). Specifically, Plaintiffs contend: "Defendant relies on a confidential pre-suit demand letter to support there [sic] amount in controversy argument, however, any reliance by Defendant on pre-suit settlement demand letters should not be considered." (Id.).

When jurisdiction is premised upon diversity of citizenship, 28 U.S.C. § 1332(a) requires, among other things, that "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs." If "the jurisdictional amount is not facially apparent from the complaint, the court should look to the notice of removal and may require evidence relevant to the amount in controversy at the time the case was removed." Williams v. Best Buy Co., 269 F.3d 1316, 1319 (11th Cir. 2001). When "damages are

unspecified, the removing party bears the burden of establishing the jurisdictional amount by a preponderance of the evidence." <u>Lowery v. Ala. Power Co.</u>, 483 F.3d 1184, 1208 (11th Cir. 2007).

The complaint does not state a specified claim to damages. (Doc. # 1-1 at 1). Instead, in its notice of removal, Defendant relied upon "an updated Personal Injury Protection (PIP) Ledger from the PIP Claims Adjuster" that "reflected a total current billed amount of $169,176.08" in past medical expenses for Plaintiff Sabrina Solomon to establish the amount in controversy. (Doc. # 1 at 3; Doc. # 1-5). Notably, Defendant does not mention a demand letter in its notice of removal, let alone rely upon such a demand letter to establish the amount in controversy. Thus, it appears that Plaintiffs drafted their Motion, which focuses on a demand letter supposedly relied upon by Defendant, without reading Defendant's notice of removal.

Upon review, the Court determines that Defendant has sufficiently established by a preponderance of the evidence that the amount in controversy exceeds $75,000. Again, the PIP Ledger provided by Defendant shows that $169,176.08 in medical bills have been incurred by Plaintiff Sabrina Solomon. (Doc. # 1-5). Plaintiffs have failed to raise any

3

argument as to why the Court should disregard the past medical expenses enumerated in the PIP ledger. Thus, the Court credits the PIP ledger's report of the extensive past medical expenses in this case. The amount in controversy exceeds $75,000. The Motion is denied.

Accordingly, it is now

**ORDERED, ADJUDGED,** and **DECREED:**

Plaintiffs Sabrina Solomon and Stanford Solomon's Motion for Remand (Doc. # 14) is **DENIED.**

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 11th day of December, 2024.

_____
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

4