UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

SABRINA SOLOMON and
STANFORD SOLOMON,

   Plaintiffs,

v.                         Case No. 8:24-cv-2650-VMC-NHA

AIG PROPERTY CASUALTY COMPANY,

   Defendant.
_____/

**ORDER**

This matter comes before the Court pursuant to Plaintiffs Sabrina and Stanford Solomon's Motion to Strike Defendant's Expert Witnesses (Doc. # 46), filed on September 11, 2025. Defendant AIG Property Casualty Company responded on September 23, 2025. (Doc. # 48). Plaintiffs replied on October 1, 2025. (Doc. # 51). The Motion is granted in part and denied in part as set forth herein.

I.  **Background**

Plaintiffs initiated this underinsured motorist benefits and loss of consortium case in state court in July 2024. (Doc. # 1-1). After a non-diverse tortfeasor defendant was dismissed from the case (Doc. # 1-4), Defendant removed the case to this Court on the basis of diversity jurisdiction. (Doc. # 1). The Court entered its Case Management and

1

Scheduling Order on December 4, 2024, setting Defendant's deadline to disclose expert reports as August 15, 2025, the discovery deadline as September 1, 2025, and the dispositive motions deadline as October 1, 2025. (Doc. # 15). That Order warned: "Motions for an extension of other deadlines established in this order, including motions for an extension of the discovery period, are disfavored. The deadline will not be extended absent a showing of good cause. Fed. R. Civ. P. 16(b); Local Rule 3.08(a). Failure to complete discovery within the time established by this Order shall not constitute cause for continuance." (Id. at 5). The case then proceeded through discovery.

Two days before Defendant's expert reports deadline, on August 13, 2025, Defendant filed an opposed motion to extend (1) its deadline to disclose expert reports to September 29, 2025, (2) the discovery deadline to October 16, 2025, and (3) the dispositive motions deadline for Daubert motions about Defendant's experts to November 17, 2025. (Doc. # 44). The Court granted the motion in part after noting its disappointment that "Defendant delayed discovery for months." (Doc. # 45).

> Discovery began over 8 months ago in early December 2024. (Doc. # 15). Yet, according to the motion, Defendant did not retain experts until "between

2

> June and July" and did not realize until "late July" that it did not possess the required radiological imaging. Defendant delayed despite knowing that its expert reports deadline was August 15, 2025. The Court clearly advised the parties in the Case Management and Scheduling Order that extensions of discovery-related deadlines were disfavored and "Failure to complete discovery within the time established by this Order shall not constitute cause for continuance." (Doc. # 15 at 5). Nevertheless, in an abundance of fairness, the Court will grant a short extension for certain deadlines. Defendant's expert reports deadline is now August 29, 2025. The rebuttal reports deadline is now September 12, 2025. The discovery deadline is now September 15, 2025. **The Court will not extend these deadlines further. Additionally, the Court will not extend the dispositive motions deadline**.

(Id.) (emphasis added).

Thus, the Court put Defendant on notice that it must move expeditiously in disclosing its expert reports and engaging in discovery before the September 15 discovery deadline. Defendant was on notice that this Court would not extend the discovery deadline any further or the dispositive motions deadline at all.

Defendant apparently did not take the Court's Order to heart. Plaintiffs swiftly requested from Defendant proposed dates to depose Defendant's experts, including Dr. Eric Gabriel, Dr. William Greenberg, and Dr. Michael Jablonski. Indeed, Plaintiffs first requested proposed deposition dates on August 18, 2025, before the deadline to disclose the expert

3

reports. (Doc. # 46-1 at 1). Although Defendant cooperated in scheduling the deposition of another expert (Dr. Ofstein), Defendant failed to respond about Dr. Gabriel, Dr. Greenberg, and Dr. Jablonski's availability at that time. Plaintiffs followed up on their request for proposed deposition dates for these experts on August 20, August 26, September 4, and September 8. (Id. at 2-6). Having received no proposed deposition dates from Defendant for these experts, Plaintiffs emailed Defendant again on September 9, "attach[ing] [Plaintiffs'] motion to strike [Defendant's] experts, or in the alternative compel their depositions." (Id. at 7).

The next morning, Defendant emailed Plaintiffs with the deposition availability of two of the three experts, Dr. Greenberg and Dr. Gabriel. (Id. at 8-10). All the proposed deposition dates for Dr. Gabriel were after the September 15 discovery deadline. (Id. at 8-9). For the two proposed deposition dates for Dr. Greenberg, one was on the September 15 deadline and the other was after September 15. (Id. at 8). Defendant did not provide proposed deposition dates for Dr. Jablonski at that time.

Plaintiffs then filed the instant Motion on September 11, 2025. (Doc. # 46). Defendant has responded (Doc. # 48), and Plaintiffs have replied. (Doc. # 51). Notably, the parties

4

took the depositions of both Dr. Greenberg and Dr. Gabriel on September 15, 2025. (Doc. # 48 at 6). The deposition of Dr. Jablonski was never taken, and Defendant represents that his earliest availability for a deposition is October 10, 2025 — more than a week after the October 1, 2025, dispositive motions deadline. (Id. at 5-6). The Motion is ripe for review.

## II. Discussion

District courts have broad discretion in managing their cases. Chrysler Int'l Corp. v. Chenaly, 280 F.3d 1358, 1360 (11th Cir. 2002). The broad discretion given to the Court includes the management of pretrial activities such as discovery and scheduling. Id. "It is settled law that the imposition of sanctions for failure to provide discovery rests with the sound discretion of the district court and will not be overturned absent abuse of that discretion." Props. Int'l Ltd. v. Turner, 706 F.2d 308, 310 (11th Cir. 1983). "[A] district court's decision to hold litigants to the clear terms of its scheduling orders is not an abuse of discretion." Josendis v. Wall to Wall Residence Repairs, Inc., 662 F.3d 1292, 1307 (11th Cir. 2011).

"It is certainly true . . . that a failure to provide deposition dates before the end of the discovery period can be grounds to exclude an expert at trial." Eldridge v. Pet

5

Supermarket, Inc., No. 18-22531-CIV, 2019 WL 3406926, at *3 (S.D. Fla. July 25, 2019). "[A] party cannot disclose its experts and then claim that they are unavailable to be deposed until after the discovery deadline. If parties had that privilege, there would be no use for a Scheduling Order because parties could simply disregard it at their convenience." St. Louis Condo. Ass'n, Inc. v. Rockhill Ins. Co., No. 18-21365-CIV, 2019 WL 2008665, at *2 (S.D. Fla. Mar. 11, 2019), aff'd, 5 F.4th 1235 (11th Cir. 2021). Indeed, the Eleventh Circuit has affirmed the exclusion of an expert whom a party did not make available for a deposition before the discovery deadline. See St. Louis Condo. Ass'n, Inc. v. Rockhill Ins. Co., 5 F.4th 1235, 1244 (11th Cir. 2021) (holding that "the District Court did not abuse its discretion by holding Rockhill to the scheduling order and striking [the expert] Mr. Warner" and highlighting that the discovery deadline had already been extended).

As an initial matter, Plaintiffs were able to depose both Dr. Gabriel and Dr. Greenberg on September 15 — the discovery deadline. The Court will not exclude Dr. Gabriel and Dr. Greenberg based on Defendant's failure to provide their deposition availability earlier because the depositions

were timely taken. Thus, the Motion is denied as moot as to those two experts. That leaves only Dr. Jablonski.

Just as in St. Louis Condo., the Court excludes Defendant's expert Dr. Jablonski, who was not made available for a deposition before the September 15 discovery deadline. While the Court acknowledges that striking an expert is a "drastic remedy," "[p]arties must ensure their expert is available to opposing counsel within the Court's deadlines." Crumbley v. King, No. 1:19-cv-1666-MLB, 2022 WL 1623804, at *6 (N.D. Ga. May 23, 2022). Defendant has failed to make Dr. Jablonski available within the already-extended discovery deadline, despite its awareness that deadline would not be extended further.

Even worse, the only proposed deposition dates for Dr. Jablonski that Defendant eventually provided were in October — after the October 1, 2025, dispositive motions deadline to file Daubert and summary judgment motions. And Defendant was aware that the Court would not extend the October 1 dispositive motions deadline. (Doc. # 45). Thus, Plaintiffs were prejudiced by their inability to depose Dr. Jablonski before the deadline to file a Daubert motion to exclude him expired. Additionally, if Dr. Jablonski were not excluded, Plaintiffs would be prejudiced because they "have now been

7

stripped of the ability to ask Dr. Jablonski a myriad of questions in preparation for trial." (Doc. # 51 at 5).

In its response, Defendant takes great pains to attempt to shift the blame onto Plaintiffs. This attempt is unpersuasive. First, it was entirely appropriate for Plaintiffs to first reach out to request proposed deposition dates for Defendant's expert witnesses on August 18, which was before the extended expert reports deadline of August 29, 2025. Although the expert reports had not yet been served, Plaintiffs were aware that Defendant had numerous experts and wanted to ensure they could take all expert depositions before the extended discovery deadline. Plaintiffs' August 18, August 20, and August 26 requests for deposition dates were not premature; they were conscientious. See Dover Shores Shell, Inc. v. Scottsdale Ins. Co., No. 6:22-cv-167-PGB-DCI, 2023 WL 3994928, at *3 (M.D. Fla. June 14, 2023) ("[K]nowing that expert reports were coming and knowing that a deposition was in order, the parties could have discussed deposition dates prior to the disclosure of the reports."). The fact that Plaintiffs' first three requests for deposition dates were sent before the expert reports were served does not justify Defendant's disregard for those requests. Likewise, Defendant's complaints about Plaintiffs' conferral efforts

8

under Local Rule 3.01(g) are unconvincing. The Court finds that Plaintiffs sufficiently conferred on this issue, including by sending a copy of its proposed Motion to Defendant more than a day before filing it.

Next, the Court is troubled by Defendant's apparent assumption that it would have been better for the parties to schedule depositions after the already-extended discovery deadline than for Plaintiffs to file this Motion. (Doc. # 48 at 5-6). "To be clear, the Court does not approve taking depositions after the Court's deadlines. *Why even ask the Court to extend the deadline if the parties believe they can just act as they wish?*" Crumbley, 2022 WL 1623804, at *6 (emphasis original). Thus, after weeks of failed attempts to schedule Dr. Jablonski's deposition within the discovery deadline, Plaintiffs reasonably served a version of this Motion on Defendant on September 9 (less than a week before the discovery deadline). In fact, it was the service of that Motion that motivated Defendant to finally provide proposed dates for Dr. Gabriel and Dr. Greenberg, but not Dr. Jablonski.

Finally, one complaint of Defendant's does have some degree of merit. Defendant highlights that "[t]here has been no attempt to even unilaterally set the depositions or

9

subpoena the expert for a deposition." (Doc. # 48 at 7). True, "as a general policy and practice in this district, an 'attorney should normally pre-arrange a deposition with opposing counsel before serving the notice[,] [but] [i]f this is not possible, counsel may unilaterally notice the deposition while at the same time indicating a willingness to be reasonable about any necessary rescheduling.'" Herezi v. 31-W Insulation Co., No. 5:23-cv-646-MMH-PRL, 2025 WL 1685262, at *7 (M.D. Fla. June 16, 2025) (citation omitted). "When such efforts to schedule depositions fail, counsel should resort to the formal procedures available in the Federal Rules of Civil Procedure." Id. (citation and internal quotation marks omitted).

Plaintiffs explain that they did not unilaterally notice Dr. Jablonski's deposition because "Defendant's counsel repeatedly assured the undersigned that [proposed dates for] expert depositions had been requested and would be provided." (Doc. # 51 at 4). While it would have been better for Plaintiffs to unilaterally set Dr. Jablonski's deposition given Defendant's lack of timely response, the Court does not fault Plaintiffs for their attempt at collegiality. The parties were able to cooperatively schedule the deposition of another of Defendant's experts, Dr. Ofstein, such that

10

Plaintiffs could reasonably hope to do the same for Dr. Jablonski. Ultimately, it was reasonable for Plaintiffs to focus on working with Defendant to schedule the expert depositions, rather than unilaterally noticing the deposition or pursuing a subpoena. Additionally, the Court agrees with Plaintiffs that unilaterally noticing Dr. Jablonski's deposition likely "would have been futile" because "Dr. Jablonski would not have appeared, and Plaintiffs would be in the exact position they are in today," if Dr. Jablonski's schedule was completely full until October. (Id.).

Although the Court has the authority to extend the discovery deadline for good cause, the Court is "under no obligation to do so." Josendis, 662 F.3d at 1307. Here, Defendant has not established good cause to extend the discovery deadline for the taking of Dr. Jablonski's deposition. Regardless, it is fair to hold Defendant to the terms of the Case Management and Scheduling Order and the Court's warning that further extensions of discovery would not be granted. Thus, the Court will not extend the discovery deadline to allow for the deposition of Dr. Jablonski.

Instead, exclusion of Dr. Jablonski as an expert in this case is the appropriate remedy. See Rice v. Self, No. 1:21-cv-0820-SCJ, 2023 WL 6518863, at *8 (N.D. Ga. Feb. 22, 2023)

("Plaintiff did not provide a single date for Dr. Harben's testimony prior to the discovery expiration deadline. . . . The Court recognizes Plaintiff's opposition arguments in which he attempts to shift the blame to Defendants (i.e., for not subpoenaing Mr. Harben, unilaterality noticing his deposition, or contacting the Court); however, the Court notes that the Eleventh Circuit did not require those unilateral steps in St. Louis Condo. This Court will do the same.").

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

(1) Plaintiffs Sabrina and Stanford Solomon's Motion to Strike Defendant's Expert Witnesses (Doc. # 46) is **GRANTED IN PART** and **DENIED IN PART**.

(2) The Motion is denied as moot as to Dr. Gabriel and Dr. Greenberg.

(3) The Motion is granted as to Dr. Jablonski, who is excluded from testifying as an expert in this case.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 6th day of October, 2025.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE